**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOAN CAMPRUBÍ MONTAL and KATHLEEN BEATTY, ESQ. as Proposed Personal Representatives of the Estates of AGUSTÍN ESCOBAR CAÑADAS, deceased, MERCE CAMPRUB Í MONTAL, deceased, and minors, A.E.C., M.E.C., and V.E.C., deceased, and on behalf of all Surviving Beneficiaries,<br><br>        Plaintiffs,<br><br>v.<br><br>NEW YORK HELICOPTER CHARTER INC.; NEW YORK HELICOPTER TOURS LLC; and MICHAEL ROTH,<br><br>        Defendants. | CASE NO. 1:26-CV-3332 |

**DEFENDANTS NEW YORK HELICOPTER CHARTER, INC.,**
**NEW YORK HELICOPTER TOURS, LLC, AND**
**MICHAEL ROTH'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants New York Helicopter Charter, Inc., New York Helicopter Tours, LLC, and Michael Roth ("Defendants"), by and through their undersigned counsel, Cunningham Swaim, LLP, hereby answers plaintiffs' Amended Complaint as follows:

**INTRODUCTION**

1.      Defendants admit that N216MH sustained an inflight breakup and crashed into the Hudson River on April 10, 2025, and all persons onboard sustained fatal injuries in the crash. Defendants deny the remaining allegations in paragraph 1 of the Amended Complaint.

2.      Defendants deny that Plaintiffs are entitled to recover any of the damages asserted in paragraph 2 of the Amended Complaint. To the extent necessary, Defendants incorporate the

averments, defenses, and denials asserted throughout this answer as if rewritten here. Defendants otherwise deny all allegations of paragraph 2 of the Amended Complaint.

## PARTIES

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint; and, on this basis, Defendants deny those allegations.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint; and, on this basis, Defendants deny those allegations.

5.      Defendants admit that N216MH sustained an inflight breakup and crashed into the Hudson River on April 10, 2025, and that Merce Camprubi Montal sustained fatal injuries in the crash. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Amended Complaint; and, on this basis, Defendants deny those allegations.

6.      Defendants admit that N216MH sustained an inflight breakup and crashed into the Hudson River on April 10, 2025, and that that Agustin Escobar Canadas sustained fatal injuries in the crash. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Amended Complaint; and, on this basis, Defendants deny those allegations.

7.      Defendants admit that N216MH sustained an inflight breakup and crashed into the Hudson River on April 10, 2025, and that that MEC sustained fatal injuries in the crash. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in paragraph 7 of the Amended Complaint; and, on this basis, Defendants deny those allegations.

8.      Defendants admit that N216MH sustained an inflight breakup and crashed into the Hudson River on April 10, 2025, and that that VEC sustained fatal injuries in the crash. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Amended Complaint; and, on this basis, Defendants deny those allegations.

9.      Defendants admit that N216MH sustained an inflight breakup and crashed into the Hudson River on April 10, 2025, and that AEC sustained fatal injuries in the crash. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Amended Complaint; and, on this basis, Defendants deny those allegations.

10.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint; and, on this basis, Defendants deny those allegations.

11.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint; and, on this basis, Defendants deny those allegations.

## NEW YORK HELICOPTER CHARTER INC.

12.      Defendants admit that New York Helicopter Charter Inc. is incorporated in the State of New York. Defendants deny the remaining allegations in paragraph 12 of the Amended Complaint.

13.    Defendants admit that New York Helicopter Charter Inc. conducted helicopter tours. Defendants deny the remaining allegations in paragraph 13 of the Amended Complaint.

14.    Defendants admit that New York Helicopter Charter Inc. conducted business in the states of New York and New Jersey. Defendants deny the remaining allegations in paragraph 14 of the Amended Complaint.

15.    Defendants admit that New York Helicopter Charter Inc. conducted business in the states of New York and New Jersey. Defendants deny the allegations contained in paragraph 15 of the Amended Complaint.

16.    Defendants deny the allegations contained in paragraph 16 of the Amended Complaint.

### NEW YORK HELICOPTER TOURS LLC

17.    Defendants admit that New York Helicopter Tours LLC is a New Jersey limited liability company. Defendants deny the remaining allegations in paragraph 17 of the Amended Complaint.

18.    Defendants deny the allegations in paragraph 18 of the Amended Complaint.

19.    Defendants admit that New York Helicopter Tours LLC conducted business in the states of New York and New Jersey. Defendants deny the remaining allegations in paragraph 19 of the Amended Complaint.

20.    Defendants admit that New York Helicopter Tours LLC conducted business in the states of New York and New Jersey. Defendants deny the remaining allegations contained in paragraph 20 of the Amended Complaint.

21.    Defendants deny the allegations contained in paragraph 21 of the Amended Complaint.

**MICHAEL ROTH**

22.     Defendants admit that Michael Roth is a resident of the State of New York.

23.     Defendants admit that Michael Roth is sole member and owner of New York Helicopter Tours LLC and the chief executive officer of New York Helicopter Charter Inc. Defendants deny the remaining allegations in paragraph 23 of the Amended Complaint.

24.      Defendants admit that Michael Roth, as sole member and owner of New York Helicopter Tours LLC and the chief executive officer of New York Helicopter Charter Inc., participated in the daily operations of New York Helicopter Tours LLC and New York Helicopter Charter Inc. Defendants deny the remaining allegations in paragraph 24 of the Amended Complaint.

25.     Defendants admit that Michael Roth conducted business in the states of New York and New Jersey. Defendants deny the remaining allegations in paragraph 25 of the Amended Complaint.

26.     Defendants admit that Michael Roth conducted business in the states of New York and New Jersey. Defendants deny the remaining allegations in paragraph 26 of the Amended Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of the Amended Complaint.

**BELL TEXTRON, INC.**

28.     With regard to the allegations in paragraph 28 of the Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

29.     Defendants admit the allegations of paragraph 29 of the Amended Complaint.

30.     With regard to the allegations in paragraph 30 of the Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

31.     With regard to the allegations in paragraph 31 of the Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

32.     With regard to the allegations in paragraph 32 of the Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

33.     With regard to the allegations in paragraph 33 of the Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

34.     With regard to the allegations in paragraph 34 of the Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

35.     With regard to the allegations in paragraph 35 of the Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is

necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

## VAN HORN AVIATION, LLC

36.	With regard to the allegations in paragraph 36 of the Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

37.	Defendants admit the allegations of paragraph 37 of the Amended Complaint.

38.	With regard to the allegations in paragraph 38 of the Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

39.	With regard to the allegations in paragraph 39 of the Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

40.	With regard to the allegations in paragraph 40 of the Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

41.	With regard to the allegations in paragraph 41 of the Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is

necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

42. With regard to the allegations in paragraph 42 of the Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

### MERIDIAN HELICOPTERS, LLC

43. With regard to the allegations in paragraph 43 of the Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

44. With regard to the allegations in paragraph 44 of the Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

45. With regard to the allegations in paragraph 45 of the Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

46. With regard to the allegations in paragraph 46 of the Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

47. With regard to the allegations in paragraph 47 of the Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

48. With regard to the allegations in paragraph 48 of the Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

49. With regard to the allegations in paragraph 49 of the Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

## **JURISDICTION AND VENUE**

50. Defendants admit that the United States District Court for the Southern District of New York has jurisdiction under 28 U.S.C. §1332. Defendants do not dispute venue in the United States District Court for the Southern District of New York for the purposes of this lawsuit. To the extent necessary, Defendants deny the remaining allegations in paragraph 50 of the Amended Complaint.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Complaint; and, on this basis, Defendants deny those allegations.

**FACTUAL BACKGROUND**

52.     Defendants admit that N216MH sustained an inflight breakup and crashed into the Hudson River on April 10, 2025, and all persons onboard sustained fatal injuries in the crash. Defendants deny the remaining allegations contained in paragraph 31 of the Amended Complaint.

53.     Defendants admit the allegations of paragraph 53 of the Amended Complaint.

54.     Defendants admit that Meridian Helicopters, LLC owned and leased the subject helicopter, and Meridian Helicopters, LLC participated in certain aspects of the maintenance, inspection, and repair of the subject helicopter. Defendants deny the remaining allegations contained in paragraph 54 of the Amended Complaint.

55.     Defendants admit that New York Helicopter Charter Inc. leased, operated, and maintained the subject helicopter. Defendants deny the remaining allegations in paragraph 55 of the Amended Complaint.

56.     Defendants deny the allegations in paragraph 56 of the Amended Complaint.

57.     Defendants admit that New York Helicopter Charter Inc. supervised Seankese Johnson and provided company training to Seankese Johnson. Defendants deny the remaining allegations in paragraph 57 of the Amended Complaint.

58.     Defendants admit that New York Helicopter Tours LLC employed Seankese Johnson. Defendants deny the remaining allegations in paragraph 58 of the Amended Complaint.

59.     Defendants admit the allegations of paragraph 59 of the Amended Complaint.

60.     Defendants admit that Van Horn Aviation main rotor blades were installed on the subject helicopter. Defendants deny the remaining allegations in paragraph 60 of the Amended Complaint.

61.    Defendants admit that New York Helicopter Charter Inc. operated and conducted the April 10, 2025 flight in accordance with Federal Aviation Regulations parts 91 and 136. Defendants deny the remaining allegations in paragraph 61 of the Amended Complaint.

62.    Defendants admit that New York Helicopter Charter Inc. operated and conducted the April 10, 2025 flight in accordance with Federal Aviation Regulations parts 91 and 136. Defendants deny the remaining allegations in paragraph 62 of the Amended Complaint.

63.    Defendants admit that N216MH sustained an inflight breakup and crashed into the Hudson River on April 10, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63 of the Amended Complaint; and, on this basis, Defendants deny those allegations.

64.    Defendants admit that N216MH sustained an inflight breakup and crashed into the Hudson River on April 10, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 64 of the Amended Complaint; and, on this basis, Defendants deny those allegations.

65.    Defendants admit that N216MH sustained an inflight breakup and crashed into the Hudson River on April 10, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 65 of the Amended Complaint; and, on this basis, Defendants deny those allegations.

66.    Defendants admit that N216MH sustained an inflight breakup and crashed into the Hudson River on April 10, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 66 of the Amended Complaint; and, on this basis, Defendants deny those allegations.

67.    Defendants admit that N216MH sustained an inflight breakup and crashed into the Hudson River on April 10, 2025, and all persons onboard sustained fatal injuries in the crash. Defendants deny the remaining allegations contained in paragraph 67 of the Amended Complaint.

68.    Defendants admit that on April 14, 2025 the Federal Aviation Administration issued an Emergency Order of Suspension suspending the Air Carrier Certificate of New York Helicopter Charter Inc. Defendants deny the remaining allegations in paragraph 68 of the Amended Complaint.

69.    Defendants admit that on April 14, 2025 the Federal Aviation Administration issued an Emergency Order of Suspension suspending the Air Carrier Certificate of New York Helicopter Charter Inc. Defendants deny the remaining allegations in paragraph 69 of the Amended Complaint.

70.    Defendants admit that on April 14, 2025 the Federal Aviation Administration issued an Emergency Order of Suspension suspending the Air Carrier Certificate of New York Helicopter Charter Inc. Defendants deny the remaining allegations in paragraph 70 of the Amended Complaint.

71.    Defendants admit that on April 14, 2025 the Federal Aviation Administration issued an Emergency Order of Suspension suspending the Air Carrier Certificate of New York Helicopter Charter Inc. Defendants deny the remaining allegations in paragraph 71 of the Amended Complaint.

**FIRST CAUSE OF ACTION AGAINST
DEFENDANT NEW YORK HELICOPTER CHARTER INC. FOR
NEGLIGENCE AND WRONGFUL DEATH**

72.    Defendants incorporate its responses and defenses as if fully rewritten herein.

73.    Defendants admit that New York Helicopter Charter Inc. conducted helicopter tours. Defendants deny the remaining allegations in paragraph 73 of the Amended Complaint.

74.    With regard to the averments in paragraph 74 of Plaintiffs' Amended Complaint, they are legal averments and conclusions to which no response is required. To the extent that a response is necessary, Defendants' assert that they complied with all applicable statutes, regulations, and industry standards, and they operated the subject helicopter in a safe and responsible manner. The remaining averments of this paragraph are otherwise denied.

75.    With regard to the averments in paragraph 75 of Plaintiffs' Amended Complaint, they are legal averments and conclusions to which no response is required. To the extent that a response is necessary, Defendants' assert that they complied with all applicable statutes, regulations, and industry standards, and they operated the subject helicopter in a safe and responsible manner. The remaining averments of this paragraph are otherwise denied.

76.    With regard to the averments in paragraph 76 of Plaintiffs' Amended Complaint, they are legal averments and conclusions to which no response is required. To the extent that a response is necessary, Defendants' assert that they complied with all applicable statutes, regulations, and industry standards, and they operated the subject helicopter in a safe and responsible manner. The remaining averments of this paragraph are otherwise denied.

77.    Defendants admit that New York Helicopter Charter Inc. was aware of and complied with applicable published information relevant to maintaining and operating N216MH,

13

including but not limited to the main rotor blades. Defendants deny the remaining allegations in paragraph 77 of the Amended Complaint.

78.    Defendants admit that New York Helicopter Charter Inc. was aware of and complied with applicable published information relevant to maintaining and operating N216MH, including but not limited to the main rotor blades. Defendants deny the remaining allegations in paragraph 78 of the Amended Complaint.

79.    Defendants admit that New York Helicopter Charter Inc. was aware of and complied with applicable published information, including but not limited to AD-2021-01081-R, relevant to maintaining and operating N216MH, including the main rotor blades. Defendants deny the remaining allegations in paragraph 79 of the Amended Complaint.

80.    Defendants admit that New York Helicopter Charter Inc. was aware of and complied with applicable published information, including but not limited to AD-2021-01081-R, relevant to maintaining and operating N216MH, including the main rotor blades. Defendants deny the remaining allegations in paragraph 80 of the Amended Complaint.

81.    Defendants deny the allegations in paragraph 81 (including, without limitation, all subparts) of Plaintiffs' Amended Complaint.

82.    Defendants admit that Agustin Escobar Canadas, Merce Camprubi, AEC, MEC, and VEC sustained fatal injuries in the April 10, 2025 accident. Defendants deny the remaining allegations in paragraph 82 of the Amended Complaint.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT NEW YORK HELICOPTER TOURS LLC FOR NEGLIGENCE AND WRONGFUL DEATH

83.    Defendants incorporate its responses and defenses as if fully rewritten herein.

84.    Defendants deny the allegations in paragraph 84 of the Amended Complaint.

85.     Defendants deny the allegations in paragraph 85 of the Amended Complaint.

86.     Defendants admit that Agustin Escobar Canadas, Merce Camprubi, AEC, MEC, and VEC sustained fatal injuries in the April 10, 2025 accident. The remaining allegations in paragraph 86 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 86.

87.     With regard to the averments in paragraph 87 of Plaintiffs' Amended Complaint, they are legal averments and conclusions to which no response is required. To the extent that a response is necessary, Defendants deny the allegations in paragraph 87.

88.     Defendants admit that New York Helicopter Tours LLC was aware of published information relevant to maintaining and operating N216MH, including but not limited to the main rotor blades. Defendants deny the remaining allegations in paragraph 88 of the Amended Complaint.

89.     Defendants admit that New York Helicopter Tours LLC was aware of applicable published information relevant to maintaining and operating N216MH, including but not limited to the main rotor blades. Defendants deny the remaining allegations in paragraph 89 of the Amended Complaint.

90.     Defendants admit that New York Helicopter Tours LLC was aware of applicable published information, including but not limited to AD-2021-01081-R, relevant to maintaining and operating N216MH, including the main rotor blades. Defendants deny the remaining allegations in paragraph 90 of the Amended Complaint.

91.     Defendants' assert that they complied with all applicable statutes, regulations, industry standards, and applicable published information, including but not limited to AD-2021-

01081-R, relevant to maintaining and operating N216MH, including the main rotor blades. Defendants deny the remaining allegations in paragraph 91 of the Amended Complaint.

92.      Defendants deny the allegations in paragraph 92 (including, without limitation, all subparts) of Plaintiffs' Amended Complaint.

93.      Defendants admit that Agustin Escobar Canadas, Merce Camprubi, AEC, MEC, and VEC sustained fatal injuries in the April 10, 2025 accident. Defendants deny the remaining allegations in paragraph 93 of the Amended Complaint.

**THIRD CAUSE OF ACTION AGAINST
DEFENDANT MICHAEL ROTH FOR
NEGLIGENCE AND WRONGFUL DEATH**

94.      Defendants incorporate its responses and defenses as if fully rewritten herein.

95.      Defendants admit that Michael Roth is sole member and owner of New York Helicopter Tours LLC, and the chief executive officer of New York Helicopter Charter Inc. Defendants admit that New York Helicopter Charter Inc. leased N216MH, operated N216MH, and maintained N216MH. Defendants deny the remaining allegations in paragraph 95 of the Amended Complaint.

96.      With regard to the averments in paragraph 96 of Plaintiffs' Amended Complaint, they are legal averments and conclusions to which no response is required. To the extent that a response is necessary, Defendants deny the allegations in paragraph 96.

97.      With regard to the averments in paragraph 97 of Plaintiffs' Amended Complaint, they are legal averments and conclusions to which no response is required. To the extent that a response is necessary, Defendants deny the allegations in paragraph 97.

98.      Defendants deny the allegations in paragraph 98 of the Amended Complaint.

99.    Defendants admit that Michael Roth was aware of applicable published information relevant to maintaining and operating N216MH, including but not limited to the main rotor blades. Defendants deny the remaining allegations in paragraph 99 of the Amended Complaint.

100.    Defendants admit that Michael Roth was aware of applicable published information, including but not limited to AD-2021-01081-R, relevant to maintaining and operating N216MH, including the main rotor blades. Defendants deny the remaining allegations in paragraph 100 of the Amended Complaint.

101.    Defendants deny the allegations in paragraph 101 of the Amended Complaint.

102.    Defendants deny the allegations in paragraph 102 and subparts a, b, c, d, and e of the Amended Complaint.

103.    Defendants admit that Agustin Escobar Canadas, Merce Camprubi, AEC, MEC, and VEC sustained fatal injuries in the April 10, 2025 accident. Defendants deny the remaining allegations in paragraph 103 of the Amended Complaint.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS MICHAEL ROTH, NEW YORK HELICOPTER CHARTER, INC., AND NEW YORK HELICOPTER TOURS, LLC FOR VICARIOUS LIABILITY AS TO NEGLIGENCE AND WRONGFUL DEATH

104.    Defendants incorporate its responses and defenses as if fully rewritten herein.

105.    Defendants admit that Seankese Johnson was employed by New York Helicopter Tours LLC and the pilot in command of N216MH on April 10, 2025. The remaining allegations in paragraph 105 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in paragraph 105.

106.    Defendants admit that Seankese Johnson was the pilot in command of N216MH on April 10, 2025, and was operating N216MH in the course and scope of his employment with New

York Helicopter Tours LLC. Defendants deny the remaining allegations in paragraph 106 of the Amended Complaint.

107. The allegations in paragraph 107 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in paragraph 107.

108. Defendants admit that Agustin Escobar Canadas, Merce Camprubi, AEC, MEC, and VEC sustained fatal injuries in the April 10, 2025 accident. Defendants deny the remaining allegations in paragraph 108 of the Amended Complaint.

**FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
MICHAEL ROTH, NEW YORK HELICOPTER CHARTER, INC., AND
NEWYORK HELICOPTER TOURS, LLC FOR BREACH OF EXPRESS AND/OR
IMPLIED WARRANTY**

109. Defendants incorporate its responses and defenses as if fully rewritten herein.

110. Defendants' assert that they complied with all applicable statutes, regulations, and industry standards, and they operated the subject helicopter in a safe and responsible manner. The remaining allegations of paragraph 85 are otherwise denied.

111. The allegations in paragraph 111 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in paragraph 111.

112. Defendants deny the allegations in paragraph 112 of the Amended Complaint.

113. Defendants deny the allegations in paragraph 113 of the Amended Complaint.

114. Defendants admit that Agustin Escobar Canadas, Merce Camprubi, AEC, MEC, and VEC sustained fatal injuries in the April 10, 2025 accident. Defendants deny the remaining allegations in paragraph 114 of the Amended Complaint.

**SIXTH CAUSE OF ACTION AGAINST**

**DEFENDANT MERIDIAN FOR
NEGLIGENCE AND WRONGFUL DEATH**

115.    Defendants incorporate its responses and defenses as if fully rewritten herein.

116.    With regard to the averments in paragraph 116 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

117.    With regard to the averments in paragraph 117 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

118.    With regard to the averments in paragraph 118 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

119.    With regard to the averments in paragraph 119 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

120.    With regard to the averments in paragraph 120 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

121.    With regard to the averments in paragraph 121 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

122.    With regard to the averments in paragraph 122 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

123.    With regard to the averments in paragraph 123 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

124.    With regard to the averments in paragraph 124 (including subparagraphs a, b, c, d, e, f, g, h, i, j, k, l, m, and n) of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

125.    With regard to the averments in paragraph 125 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

**SEVENTH CAUSE OF ACTION AS AGAINST
DEFENDANT BELL TEXTRON, INC. FOR
WRONGFUL DEATH BASED ON STRICT LIABILITY**

126.    Defendants incorporate its responses and defenses as if fully rewritten herein.

127.    With regard to the averments in paragraph 127 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

128.    With regard to the averments in paragraph 128 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

129.    With regard to the averments in paragraph 129 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

130.    With regard to the averments in paragraph 130 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

131.    With regard to the averments in paragraph 131 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

132.    With regard to the averments in paragraph 132 (including, without limitation, all subparts) of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

133.    With regard to the averments in paragraph 133 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

## EIGHTH CAUSE OF ACTION AS AGAINST DEFENDANT BELL TEXTRON, INC. FOR WRONGFUL DEATH BASED ON NEGLIGENCE

134.    Defendants incorporate its responses and defenses as if fully rewritten herein.

135.    With regard to the averments in paragraph 135 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

136.    With regard to the averments in paragraph 136 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

137.    With regard to the averments in paragraph 137 (including, without limitation, all subparts) of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

138.    With regard to the averments in paragraph 138 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

## NINTH CAUSE OF ACTION AS AGAINST DEFENDANT BELL TEXTRON, INC. FOR WRONGFUL DEATH BASED ON BREACH OF WARRANTY

139.    Defendants incorporate its responses and defenses as if fully rewritten herein.

140.    With regard to the averments in paragraph 140 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

141.    With regard to the averments in paragraph 141 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

142.    With regard to the averments in paragraph 142 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

**TENTH CAUSE OF ACTION AS AGAINST**
**DEFENDANT VAN HORN AVIATION, L.L.C. FOR**
**WRONGFUL DEATH BASED ON STRICT LIABLITY**

143.    Defendants incorporate its responses and defenses as if fully rewritten herein.

144.    With regard to the averments in paragraph 144 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

145.    With regard to the averments in paragraph 145 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

146.    With regard to the averments in paragraph 146 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

147.    With regard to the averments in paragraph 147 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

148.    With regard to the averments in paragraph 148 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

149.    With regard to the averments in paragraph 149 (including, without limitation, all subparts) of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

150.    With regard to the averments in paragraph 150 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

<strong>ELEVENTH CAUSE OF ACTION AS AGAINST<br>DEFENDANT VAN HORN AVIATION, L.L.C. FOR<br>WRONGFUL DEATH BASED ON NEGLIGENCE</strong>

151.    Defendants incorporate its responses and defenses as if fully rewritten herein.

152.    With regard to the averments in paragraph 152 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

153.    With regard to the averments in paragraph 153 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

154.    With regard to the averments in paragraph 154 (including, without limitation, all subparts) of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

155.    With regard to the averments in paragraph 155 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

## TWELFTH CAUSE OF ACTION AS AGAINST DEFENDANT VAN HORN AVIATION L.L.C. FOR WRONGFUL DEATH BASED ON BREACH OF WARRANTY

156.    Defendants incorporate its responses and defenses as if fully rewritten herein.

157.    With regard to the averments in paragraph 157 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

158.    With regard to the averments in paragraph 158 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

159.    With regard to the averments in paragraph 159 of Plaintiffs' Amended Complaint, they relate to another Defendant and thus no response is required. To the extent that a response is necessary, Defendants lack information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

## DAMAGES

160.    Defendants admit that Agustin Escobar Canadas, Merce Camprubi, AEC, MEC, and VEC sustained fatal injuries in the April 10, 2025 accident. Defendants lack knowledge or

26

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 160 of the Amended Complaint; and, on this basis, Defendants deny those allegations.

161.    Defendants admit that Agustin Escobar Canadas, Merce Camprubi, AEC, MEC, and VEC sustained fatal injuries in the April 10, 2025 accident. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 161 of the Amended Complaint; and, on this basis, Defendants deny those allegations.

162.    Defendants deny the allegations in paragraph 162 of Plaintiffs' Amended Complaint.

163.    Defendants deny the allegations in paragraph 163 (including, without limitation, all subparts) of Plaintiffs' Amended Complaint.

Defendants deny the allegations contained in the prayer paragraph of the Amended Complaint.

## JURY DEMAND

164.    Plaintiffs' jury demand on Page 42 of the Amended Complaint does not require a specific response. However, Defendants hereby also requests trial by jury of all issues that may be tried by right of a jury.

## DEFENDANTS' DEFENSES

165.    In addition to the admissions and denials referenced above, Defendants assert the following defenses in response to the Amended Complaint. However, all possible defenses may not have been alleged herein. Sufficient facts may not be ascertained after reasonable inquiry until after the time of filing of this Answer. Therefore, Defendants reserve the right to amend their Answer to allege additional defenses if subsequent investigation or discovery so warrants.

27

**GENERAL DENIAL**

166.    Defendant denies each and every allegation contained in the Amended Complaint not specifically admitted herein.

**FIRST DEFENSE**

167.    Plaintiffs fail to state a claim upon which relief can be granted.

**SECOND DEFENSE**

168.    Plaintiffs have failed to join as parties one or more persons or entities needed for the just adjudication of this matter in controversy.

**THIRD DEFENSE**

169.    Defendants acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any state of federal rights possessed by Plaintiffs.

**FOURTH DEFENSE**

170.    Defendants acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a breach of any duty owed to the Plaintiffs.

**FIFTH DEFENSE**

171.    At all times Defendants exercised due care in the execution or enforcement of a law thereby precluding the Plaintiffs from any recovery from Defendants.

**SIXTH DEFENSE**

172.    Plaintiffs' claim is barred, in whole or in part, because Defendants' conduct was in conformity with, and pursuant to, the law, statutes, governmental regulations and industry standards, based upon the knowledge existing at the time of such conduct.

**SEVENTH DEFENSE**

173.    Upon information and belief, Plaintiffs' damages, if any, are due to the negligent or otherwise wrongful acts or omissions of persons or entities other than Defendants; however, if

any liability is accorded to Defendants, Defendants are entitled to indemnity, contribution, comparative fault and/or reduction of liability in direct proportion to such persons, entities, or other Defendants' respective percentages of fault.

## EIGHTH DEFENSE

174.    Plaintiffs' claims are preempted in whole or in part by the comprehensive statutory scheme enacted by Congress, including without limitation, the Federal Aviation Act, and the comprehensive regulatory scheme enacted by the Federal Aviation Administration in the Federal Aviation Regulations and various FAA publications.

## NINTH DEFENSE

175.    Upon information and belief, Plaintiffs' damages, if any, were the result of an intervening, superseding cause or causes leading to the alleged injuries, and, therefore, any alleged action or conduct on the part of Defendants was not the proximate and/or actual cause of the alleged injuries.

## TENTH DEFENSE

176.    Defendants deny liability as to any injuries alleged in the Amended Complaint. However, if Defendants are held liable, they reserve the right to make a claim for indemnification and/or contribution against any yet unknown maintenance providers, manufacturers, or suppliers on which the Plaintiffs base the claim for all sums that may be adjudged against Defendants in favor of Plaintiffs.

## ELEVENTH DEFENSE

177.    Defendants assert that the laws of a foreign jurisdiction may apply to some or all of the issues in this case, including without limitation the laws of Spain.

WHEREFORE, Defendants New York Helicopter Charter, Inc., New York Helicopter Tours, LLC, and Michael Roth pray that: Plaintiffs take nothing by this action.

Dated: May 28, 2026                          Respectfully submitted,

                                             */s/Gary Allan Gardner*
                                             Gary Allan Gardner
                                             New York Bar No. 2680015
                                             Ross Cunningham (Lead Counsel) (PHV forthcoming)
                                             Bryan S. David (PHV forthcoming)
                                             CUNNINGHAM SWAIM LLP
                                             200 Broadhollow Road, Suite 207
                                             Melville, NY 11747
                                             917.538.2774
                                             gagardner@cunninghamswaim.com
                                             rcunningham@cunnninghswaim.com
                                             bdavid@cunninghamswaim.com

                                             **ATTORNEY FOR DEFENDANTS NEW YORK HELICOPTER CHARTER, INC.,NEW YORK HELICOPTER TOURS, LLC, AND MICHAEL ROTH**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a copy of this document is being served via CM/ECF in accordance with the applicable Local Rules and Federal Rules of Civil Procedure on May 28, 2026.

                                             */s/Gary Allan Gardner*
                                             Gary Allan Gardner