Application GRANTED.
SO ORDERED.
Dated: August 3, 2026

CONDON / FORSYTH

Direct Dial: (212) 894-6892
Direct Fax: (212) 370-4453
abattista@condonlaw.com

August 3, 2026

**VIA ECF**

Hon. Stewart D. Aaron
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Montal et al. v. New York Helicopter Charter Inc. et al.*
Case No. 1:26-cv-03332-VSB-SDA

Dear Judge Aaron:

We are writing on behalf of Defendant Bell Textron Inc. ("Bell"), as well as Plaintiffs Joan Camprubi Montal and Kathleen Beatty, Esq. ("Plaintiffs") and all co-Defendants in the above-referenced action—specifically, Defendants New York Helicopter Charters Inc., New York Helicopter Tours LLC, Michael Roth (collectively, the "NYH Defendants"), Defendant Meridian Helicopters LLC ("Meridian"), and Defendant Van Horn Aviation LLC ("Van Horn")—all of which join in this letter motion, to respectfully request that all merits-based discovery, including the exchange of initial disclosures, be stayed for the period of time discussed below in light of two recent developments that will impact the trajectory of this litigation and define the scope of relevant discovery.

The first development is Your Honor's recent order granting Plaintiffs' July 20, 2026 request to have until October 22, 2026 to conduct jurisdictional discovery on Defendant Van Horn for purposes of filing a response to Van Horn's pre-answer motion to dismiss for lack of personal jurisdiction. *See* ECF Nos. 44-45. The second development relates to the status of the National Transportation Safety Board's ("NTSB") investigation into the helicopter accident that is the subject of this litigation. On July 16, 2026, the NTSB published its docket on this investigation. Although the NTSB's investigation remains ongoing, the public release of the docket is a strong indication that the NTSB will issue its final accident report, including its probable cause determination, and release the accident wreckage within the next sixty (60) days.

The Parties believe that the resolution of Van Horn's jurisdictional motion and the conclusion of the NTSB's investigation will impact this litigation in a number of ways. The NTSB still has not released the wreckage of the subject helicopter involved in this fatal crash, and the Parties will not

have access to the entire body of evidence until such time as the NTSB releases the wreckage and otherwise concludes its investigation. Further investigation and examination of the wreckage when released may result in amendments to the complaint, as well as to the defenses and cross claims asserted by Defendants. Additionally, it is very likely that by the time the NTSB concludes its investigation and the Parties have an opportunity to examine and assess the wreckage, whether Van Horn will remain in the litigation for other parties to cross claim against will also be resolved.

To avoid unnecessary motion practice and ensure that merits-based discovery proceeds as efficiently as possible, the Parties respectfully request that all merits-based discovery be stayed until after the date the Court resolves Van Horn's motion to dismiss for lack of personal jurisdiction and the NTSB concludes its investigation, whichever date is later. In further support of this request, and in accordance with Your Honor's individual practice rules, the Parties submit the following:

(1) There are no current deadlines relating to merits-based discovery, and the Parties' request for a stay will not impact any of the existing deadlines. Specifically, Plaintiffs will conduct jurisdictional discovery of Van Horn and file their opposition to Van Horn's Rule 12(b)(2) motion by October 22, 2026 (ECF No. 45); Meridian will respond to Plaintiffs' Amended Complaint by August 5, 2026 (ECF No. 40); and Bell will respond to Plaintiffs' Amended Complaint by August 11, 2026 (ECF No. 34);

(2) This is first joint request for a stay in merits-based discovery; the previous requests for extensions of time relate to the deadlines by which Defendants Meridian and Bell must respectively respond to Plaintiffs' Amended Complaint and the deadline by which Plaintiffs must respond to Van Horn's motion to dismiss;

(3) Your Honor has granted the previous requests for extensions of time described in (2) above;

(4) The Parties believe that a stay in merits-based discovery is warranted to avoid unnecessary motion practice, to ensure that merits-based discovery proceeds efficiently, and to promote a cost-effective resolution of Plaintiffs' claims that avoids wasting the Court's time and resources;

(5) All Parties join in this request.

Based on the foregoing, the Parties respectfully request that the Court stay all merits-based discovery, including the exchange of initial disclosures, until after the Court resolves Van Horn's

CONDON / FORSYTH



motion to dismiss for lack of personal jurisdiction and the NTSB concludes its investigation and releases the wreckage from the accident.

Respectfully submitted,

Anthony U. Battista

cc: All Counsel of Record (via ECF)

*Counsel for Plaintiffs*
KREINDLER & KREINDLER LLP
Jason L. Vincent
Justin T. Green
Erin R. Applebaum
Vincent C. Lesch
-and-
GERSOWITZ, LIBO & KOREK, P.C.
Jeff S. Korek

*Counsel for Defendants New York Helicopter Charter Inc., New York Helicopter Tours LLC, and Michael Roth*
CUNNINGHAM SWAIN
Gary Allan Gardner

*Counsel for Defendant Meridian Helicopters, LLC*
FITZPATRICK & HUNT, PAGANO, AUBERT, LLP
Ralph V. Pagano

*Counsel for Van Horn Aviation LLC*
KMA ZUCKERT LLP
Nicholas E. Pantelopoulos